1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 07cv370-WQH-JMA |
| Plaintiff, | ORDER |
| vs. | |
| DISTRIBUIDORA BATIZ CGH, S.A.<br>DE C.V.; et al., | |
| Defendants. | |

HAYES, Judge:

16
17
18
19
20
21

        The matters before the Court are the Motion for Default Judgment Against Fourteen Defendants (Doc. # 59); the Motion to Set Aside Clerk's Default and Dismiss Action as to Moving Defendants (Doc. # 61); the Motion to Withdraw the Motion for Default Judgment as to Thirteen of Fourteen Defendants (Doc. # 66); and the Motion for Limited Early Discovery (Doc. # 67).

## I.        BACKGROUND

22
23
24
25
26
27
28

        On February 27, 2007, Plaintiff United States of America filed the Complaint against Distribuidora Batiz, S.A. De C.V. (hereinafter "Distribuidora Batiz") and Silvia Del Carmen Batiz Esquer, Rodolfo Batiz Guillen, Raul Batiz Echavarria, Raul Guillermo Batiz Guillen, Raul Guillermo Batiz Gamboa, Ricardo Batiz Gamboa, Olga Elena Batiz Esquer, Jorge Guillermo Batiz Guillen, Jorge Guillermo Batiz Esquer, Gabriela Maria Batiz Gamboa, Angela Maria Batiz Gamboa, Gerardo Batiz Esquer, Grupo Batiz CGH, S.A. de C.V., Greenver, S.A. de C.V., Invernaderos La Pequena Joya, S.A. De C.V., and Pedro Batiz Guillen (collectively,

1    "Guarantor Defendants"). (Doc. # 1).

2           The Complaint alleges the following facts.  On May 12, 2004, Distribuidora Batiz

3    entered into a Business Loan Agreement with First National Bank. (Compl. ¶ 3).  On May 12,

4    2004, Distribuidora Batiz executed and delivered a Promissory Note pursuant to the Business

5    Loan Agreement, payable to the order of First National Bank.  (Compl. ¶ 4).  On May 12,

6    2004, in San Diego, California, the Guarantor Defendants executed guarantees on the

7    Promissory Note for prompt repayment of the full amount of Distribuidora Batiz's

8    indebtedness under the Promissory Note. (Compl. ¶ 5).  The Promissory Note and guaranties

9    provide that the Defendants agree to "submit themselves ... to the jurisdiction of the United

10   States Federal District Court for the Southern District of California." (Compl., Ex. 2 at 13).

11   Plaintiff, United States of America, acting by and through its agency, the Export-Import Bank

12   of the United States ("Ex-Im Bank"), insured Distribuidora Batiz's indebtedness on the

13   Promissory Note. (Compl. ¶ 5).  Distribuidora Batiz defaulted on its repayment obligations

14   under the Promissory Note. (Compl. ¶ 8).

15          Following Distribuidora Batiz's default, First National Bank filed a claim with the Ex-

16   Im Bank for payment under the insurance policy. (Compl. ¶ 12).  First National Bank assigned

17   the Distribuidora Batiz Promissory Note and all rights against Distribuidora Batiz and

18   Guarantor Defendants to the Ex-Im Bank. (Compl. ¶ 14).  On or about September 12, 2005,

19   the Ex-Im Bank demanded payment from Distribuidora Batiz and the Guarantor Defendants

20   of the outstanding principal amount on the Promissory Note. (Compl. ¶ 16).  Distribuidora

21   Batiz and Guarantor Defendants have not paid the outstanding amount. (Compl. ¶ 17).  The

22   Complaint alleges that each Guarantor Defendant has breached the contractual obligation to

23   repay Distribuidora Batiz's indebtedness; that Plaintiff has been damaged by this breach; and

24   that Distribuidora Batiz and the Guarantor Defendants are jointly and severally liable for the

25   amount outstanding. (Compl. ¶¶ 18-20).

26          On March 26, 2007, Plaintiff filed executed Summons indicating that, on March 23,

27   2007, Distribuidora Batiz and all of the Guarantor Defendants except Ricardo Batiz Gamboa

28   were either personally served (in the case of Rodolfo Batiz Guillen) or constructively served

1   (in the case of the remaining Defendants) with Summons and Complaint.  (Doc. # 4-20).

2        On April 12, 2007, Plaintiff's counsel received a phone call regarding this action from

3   an attorney in Phoenix, Arizona.  (Doc. # 65-7).  The attorney said that "he can't say that he

4   represents any of the defendants yet ... [but] [i]f he does proceed to represent the defendants

5   ... he would likely represent all of them."  (Doc. # 65-7 at 1).  The attorney requested an extra

6   thirty days to answer the Complaint.  (Doc. # 65-7 at 1).  On May 17, 2007, the Phoenix

7   attorney sent an e-mail to Plaintiff's counsel informing him that he did not represent any of the

8   Defendants in this matter.  (Doc. # 65-7 at 2).

9        On October 16, 2007, Defendant Rodolfo Batiz Guillen filed an Answer to the

10   Complaint stating a general denial of the allegations and affirmative defenses of failure to state

11   a claim, uncertain allegations, unjust enrichment, and failure to mitigate damages.  (Doc. # 23,

12   ¶¶ 21-24).

13        Between at least April 2008 and July 2008, Plaintiff attempted to serve seven of the

14   Defendants in Mexico pursuant to the Inter-American Convention on Letters Rogatory, but the

15   efforts were unsuccessful.  (Doc. # 65-9, 65-10).  For five of the Defendants, the Mexican

16   authorities stated that they could not locate the Defendants at the given addresses.  (Doc. # 65-

17   9).

18        On May 19, 2008, at Plaintiff's request, the Clerk of the Court entered default against

19   Defendant Batiz Echavarria.  (Doc. # 38).  On June 18, 2008, Plaintiff filed a Motion for

20   Default Judgment against Defendant Raul Batiz Echavarria.  (Doc. # 39-1).  On October 22,

21   2008, the Court granted the Motion for Default Judgment against Defendant Raul Batiz

22   Echavarria, awarding Plaintiff damages in the amount of $3,867,733.42 plus the $771.48 per

23   day interest amount that had accrued since June 12, 2008.  (Doc. # 45).  On November 7, 2008,

24   the Court issued a Judgment against Defendant Raul Batiz Echavarria pursuant to Federal Rule

25   of Civil Procedure 54(b).  (Doc. # 46).  The Judgment ordered Defendant Raul Batiz

26   Echavarria's liability to be joint and several.  (Doc. # 46 at 2).

27        On August 28, 2008, Plaintiff filed a Motion for Summary Judgment against Defendant

28   Rodolfo Batiz Guillen.  (Doc. # 42) Defendant Rodolfo Batiz Guillen, despite having appeared

and filed an Answer, did not file an opposition to the Motion for Summary Judgment.  On November 26, 2008, the Court granted the Motion for Summary Judgment, finding that Plaintiff had produced sufficient evidence to establish that Plaintiff was entitled to judgment as a matter of law as to the breach of contract claim against Defendant Rodolfo Batiz Guillen.  (Doc. # 48).  On December 5, 2008, the Court issued a Judgment against Defendant Rodolfo Batiz Guillen pursuant to Federal Rule of Civil Procedure 54(b), awarding Plaintiff damages in the amount of $4,003,513.90 (which included $82,548.36 of pre-judgment interest which had accrued since August 21, 2008).  (Doc. # 51).  The Judgment ordered Defendant Rodolfo Batiz Guillen's liability to be joint and several.  (Doc. # 51 at 2).

On February 20, 2009, Plaintiff requested the Clerk of the Court to enter default against fourteen Defendants: Distribuidora Batiz; Grupo Batiz CGH, S.A. de C.V.; Greenver, S.A. de C.V.; Invernaderos la Pequena Jolla, S.A. de C.V.; Pedro Batiz Guillen; Silvia del Carmen Batiz Esquer; Raul Guillermo Batiz Guillen; Raul Guillermo Batiz Gamboa; Olga Elena Batiz Esquer; Jorge Guillermo Batiz Guillen; Jorge Guillermo Batiz Esquer; Gabriela Maria Batiz Gamboa; Angela Maria Batiz Gamboa; and Gerardo Batiz Esquer.  (Doc. # 55).  On February 24, 2009, the Clerk of the Court entered default against the fourteen Defendants.  (Doc. # 56).

On May 12, 2009, Plaintiff filed a Motion for Default Judgment against the fourteen Defendants.  (Doc. # 59).  Plaintiff also submitted evidence in support of the claims in the Complaint.  (Scalia Decl., Exs. 1-10, Doc. # 59-3 through 5-13).  According to a declaration submitted by Plaintiff, prior to filing suit, Ex-Im Bank entered into settlement negotiations with counsel for Defendants, but no settlement could be achieved.  (Scalia Decl., Doc. # 59-3, ¶ 17).  Plaintiff contended that the Defendants received constructive service of process on March 23, 2007, when the United States Marshals' Service served summonses addressed to each of them, together with the Complaint, at the offices of Wilson Batiz, LLC, "a Batiz family business," located at 9925 Airway Road, San Diego, California.  (Doc. # 59-2 at 5, citing Doc. # 4-10, 12-15, 17-19)  Plaintiff also contended that it constructively served Defendant Raul Guillermo Batiz Guillen at his home on July 11, 2007, and personally served defendant Olga Elena Batiz Esquer on September 13, 2007.  (Doc. # 59-2 at 5, citing Doc. # 24 and 28).

On May 22, 2009, thirteen of the fourteen Defendants who were the subject of the May 12, 2009 Motion for Default Judgment,[1] as well as Defendant Ricardo Batiz Gamboa[2] ("Moving Defendants"), filed an Opposition to Plaintiff's Motion for Default Judgment (Doc. # 60) and a Motion to Set Aside Clerk's Default and Dismiss Action as to Moving Defendants (Doc. # 61).  The Moving Defendants contend that Plaintiff has failed to effectuate service against them, and therefore the action against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).  In support, the Moving Defendants submitted a declaration from Defendant Jorge Guillermo Batiz Guillen stating that the Moving Defendants neither resided nor worked at the San Diego addresses where Plaintiff delivered service of process. (Jorge Guillermo Batiz Guillen Decl., Doc. # 61-3, ¶ 5).  Defendant Jorge Guillermo Batiz Guillen stated that Wilson Batiz, LLC, located at 9925 Airway Road, San Diego, California "is a business partly owned by my brother, Pedro Batiz Guillen, who is a Defendant herein but not a Moving Party. ...  Neither [myself] nor any of the Moving Defendants have an office at that address, nor any usual place of abode or business there, and none of the Moving Defendants have any ownership interest in the company, either."  (Jorge Guillermo Batiz Guillen Decl., Doc. # 61-3, ¶ 5).  Defendant Jorge Guillermo Batiz Guillen stated that "[e]ach of the Moving Defendants is of Mexican citizenship and domicile, and each of them resides in Mexico."  (Jorge Guillermo Batiz Guillen Decl., Doc. # 61-3, ¶ 6).  He further stated that "I first learned of the lawsuit when I received a copy of the letter [dated] February 26, 2009 that was signed by [Plaintiff's counsel] and addressed to me and numerous other members of the Batiz family at addresses which are not the residences or usual places of abode or business of any of the Moving Defendants."  (Jorge Guillermo Batiz Guillen Decl., Doc. # 61-3, ¶ 3).

On June 8, 2009, Plaintiff filed a Reply Brief Regarding Its Motion for Default Judgment and a Motion to Withdraw Its Motion for Default Judgment as to the Moving

---

[1]  Of the fourteen Defendants who are the subject of the May 12, 2009 Motion for Default Judgment, Defendant Pedro Batiz Guillen is the only Defendant who has not filed an opposition to the Motion.

[2]  Plaintiff has not claimed to have served Defendant Ricardo Batiz Gamboa, and default has not been entered as to him.

Defendants.  (Doc. # 65-66).  Plaintiff stated that "despite its good faith efforts to serve the defendants, and the defendants' actual notice of the suit, [Plaintiff] seek[s] to withdraw its Motion for Default Judgment because defendants have appeared by counsel and have raised questions about the sufficiency of service of process.  Further, now that the defendants have appeared, it should be possible to resolve [Plaintiff]'s claims based on their merits, rather than by default."  (Doc. # 66 at 2, citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("[D]efault judgments are ordinarily disfavored.  Cases should be decided upon their merits whenever reasonably possible.")).  Plaintiff also does not contest the Moving Defendants' request to set aside the Clerk's entry of default against them.  (Doc. # 68 at 2-3).  Plaintiff continues to seek default judgment against Defendant Pedro Batiz Guillen, who is not one of the Moving Defendants and has not opposed the Motion for Default Judgment.  (Doc. # 65 at 10).  Plaintiff also "opposes the defendants' motion to dismiss this case for insufficient service of process.  Because there exists a reasonable prospect that proper service will be effected, the Court should retain jurisdiction and facilitate the achievement of undisputedly proper service."  (Doc. # 68 at 3).

On June 9, 2009, Plaintiff filed a Motion for Limited Early Discovery, seeking discovery "to obtain addresses it needs to effect undisputedly proper service upon fourteen defendants and to move this litigation expeditiously towards an adjudication on the merits."  (Doc. # 67-2 at 1).  Plaintiff states that it "needs minimal discovery to acquire the addresses at which it can serve these defendants, and its needs this discovery on an expedited basis (before a Rule 26(f) conference) because without such discovery this suit is unlikely to progress beyond the present procedural objections.  Efforts to obtain this information voluntarily from the defendants' counsel have been unsuccessful."  (Doc. # 67-2 at 1).  Plaintiff attaches an email exchange wherein counsel for the Moving Defendants refused to answer the following two questions posed by Plaintiff's counsel: "1) Will you provide me with addresses at which each of your 14 clients may be served with process in this case?  2) Will you accept service of process on behalf of your 14 clients?"  (Doc. # 67-3).

On June 18, 2009, the Moving Defendants filed an opposition to the Motion for Limited

1   Early Discovery and a Reply Brief Supporting Motion to Set Aside Clerk's Default and
2   Dismiss. (Doc. # 70-71). The Moving Defendants contend that any discovery taken on the
3   Moving Defendants prior to service would violate their right to Due Process. (Doc. # 70 at 2,
4   citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service
5   of process, under longstanding tradition in our system of justice, is fundamental to any
6   procedural imposition on a named defendant. ... In the absence of service of process (or waiver
7   of service by the defendant), a court ordinarily may not exercise power over a party the
8   complaint names as defendant. Accordingly, one becomes a party officially, and is required
9   to take action in that capacity, only upon service of a summons or other authority-asserting
10  measure stating the time within which the party served must appear and defend.") (citations
11  omitted); *see also* Doc. # 71 at 2). The Moving Defendants contend that the Court should
12  dismiss the action against them because "Plaintiff has no legitimate prospect of making service
13  in the foreseeable future." (Doc. # 70 at 5).

14       On July 10, 2009, Plaintiff filed a Reply Brief in Support of the Motion for Limited
15  Early Discovery. (Doc. # 72). Plaintiff contends that "[b]ecause the defendants have been
16  given notice and the opportunity to be heard on the discovery motion, their suggestion that
17  their due process rights will be violated is baseless." (Doc. # 72 at 3, citing, inter alia, *Rio*
18  *Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) ("[T]he Constitution
19  does not require any particular means of service of process, only that the method selected be
20  reasonably calculated to provide notice and an opportunity to respond.")). Plaintiff also states:
21  "In the event the Court denies this motion, [Plaintiff] would likely, if permitted by the Court,
22  file a subsequent motion seeking leave to discover these fourteen defendants' addresses from
23  the three defendants who have not objected to service of process, and from nonparties as
24  provided by Fed. R. Civ. P. 45." (Doc. # 72 at 7).

25  **II.     ANALYSIS**
26          **A.     Motion for Default Judgment**
27                  **1.     Thirteen Moving Defendants**
28       The Motion for Default Judgment seeks judgment against fourteen of the Defendants.

1  Thirteen of these fourteen Defendants (all except Defendant Pedro Batiz Guillen) have filed

2  the Motion to Set Aside Clerk's Default and Dismiss Action as to Moving Defendants,

3  opposing the Motion for Default Judgment and moving for the Clerk's entry of default as to

4  each of them to be set aside.  In response, Plaintiff filed the Motion to Withdraw the Motion

5  for Default Judgment as to Thirteen of Fourteen Defendants.

6      The Court grants the Motion to Withdraw the Motion for Default Judgment as to

7  Thirteen of Fourteen Defendants.  (Doc. # 66).  The Motion for Default Judgment is withdrawn

8  as to the Moving Defendants.  (Doc. # 59).  The Court finds that good cause exists to set aside

9  the entry of default as to the Moving Defendants pursuant to Federal Rule of Civil Procedure

10  55(c).[3]  To the extent the motion asks for default to be set aside as to the Moving Defendants,

11  the Court grants the Motion to Set Aside Clerk's Default and Dismiss Action as to Moving

12  Defendants.  (Doc. # 61).  The Court orders that the entry of default (Doc. # 56) be set aside

13  as to the following Defendants: Distribuidora Batiz; Grupo Batiz CGH, S.A. de C.V.;

14  Greenver, S.A. de C.V.; Invernaderos la Pequena Jolla, S.A. de C.V.; Silvia del Carmen Batiz

15  Esquer; Raul Guillermo Batiz Guillen; Raul Guillermo Batiz Gamboa; Olga Elena Batiz

16  Esquer; Jorge Guillermo Batiz Guillen; Jorge Guillermo Batiz Esquer; Gabriela Maria Batiz

17  Gamboa; Angela Maria Batiz Gamboa; and Gerardo Batiz Esquer.

18              **2.      Defendant Pedro Batiz Guillen**

19                  **a.      Default Judgment**

20      Plaintiff continues to seek default judgment against Defendant Pedro Batiz Guillen, who

21  is not one of the Moving Defendants and has not appeared in the action or otherwise opposed

22  the Motion for Default Judgment.  (Doc. # 65 at 10).  According to the declaration submitted

23  by Defendant Jorge Guillermo Batiz Guillen, the business address where service was executed

24  as to Defendant Pedro Batiz Guillen "is a business partly owned by my brother, Pedro Batiz

25  Guillen, who is a Defendant herein...."  (Jorge Guillermo Batiz Guillen Decl. ¶ 5, Doc. # 61-3).

26  Defendant Pedro Batiz Guillen was properly served.  *See* Fed. R. Civ. P. 4(e)(1) (permitting

27

28          [3] Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause...."

1   service by any means allowed by the law of the state in which the district court is located); Cal.

2   Code Civ. P. § 415.20(a) (under California law, a person may be served by leaving copies of

3   the summons and complaint at his or her office).

4        Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court

5   enter default "when a party against whom a judgment for affirmative relief is sought has failed

6   to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ.

7   P. 55(a). After default has been entered by the Clerk of the Court, the factual allegations in

8   the complaint are taken as true, while allegations regarding damages must be proven. *See*

9   *TeleVideo Sys. Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

10       Rule 55(b)(2) provides that the Court may grant a default judgment after default has

11   been entered by the Clerk of the Court. *See* Fed. R. Civ. P. 55(b)(2). The Ninth Circuit has

12   articulated the following factors for courts to consider in determining whether default judgment

13   should be granted:

14       (1) the substantive merit of the plaintiff's claims, (2) the sufficiency of the
         complaint, (3) the amount of money at stake, (4) the possibility of prejudice to
15       the plaintiff if relief is denied, (5) the possibility of disputes to any material facts
         in the case, (6) whether default resulted from excusable neglect, and (7) the
16       public policy favoring resolutions of cases on the merits.

17   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The general rule is that cases should

18   be decided on their merits whenever reasonably possible and default judgments are ordinarily

19   disfavored. *See id.* "In applying this discretionary standard, default judgments are more often

20   granted than denied." *Phillip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498

21   (C.D. Cal. 2003).

22       The Clerk of the Court has entered default against Defendant Pedro Batiz Guillen. The

23   Court accepts the Complaint's factual allegations as true. The Complaint alleges that

24   Distribuidora Batiz entered into a Business Loan Agreement with First National Bank;

25   Defendant Pedro Batiz Guillen executed a guarantee on the Promissory Note for prompt

26   repayment of the full amount of Distribuidora Batiz's indebtedness under the Promissory Note;

27   Distribuidora Batiz defaulted on its repayment obligations under the Promissory Note;

28   Distribuidora Batiz and Defendant Pedro Batiz Guillen have not paid the outstanding amount;

Defendant Pedro Batiz Guillen has breached the contractual obligation to repay Distribuidora Batiz's indebtedness; and Plaintiff has been damaged by this breach. The Court concludes that Plaintiff has alleged facts necessary to prevail on the merits of its breach of contractual obligation claim. In addition, the evidence presented in support of Plaintiff's Motion for Default Judgment, including the Promissory Note bearing Defendant Pedro Batiz Guillen's signed guarantee, multiple demand letters to Defendant Pedro Batiz Guillen, proof of Ex-Im Bank's insurance payment to First National Bank, and First National Bank's assignment to Ex-Im Bank, establishes Plaintiff's claim that it is entitled to prevail against Defendant Pedro Batiz Guillen.

The Court has considered the factors articulated in *Eitel* and the Court concludes that default judgment against Defendant Pedro Batiz Guillen is appropriate pursuant to Rule 55(b)(2). Plaintiff will be prejudiced and potentially left without recourse for recovery if default judgment is denied. It is unlikely that the default of Defendant Pedro Batiz Guillen is the result of excusable neglect. Plaintiff has served Defendant Pedro Batiz Guillen at his business address and made multiple attempts to notify Defendant Pedro Batiz Guillen of the Complaint and of the entry of default by the Clerk of the Court. The Court has reviewed the Complaint and the evidence submitted in support of Plaintiff's Motion for Default Judgment and concludes that Plaintiff has presented substantial evidence to establish that it is entitled to recover $4,071,840.82 plus the additional interest which has accrued at the contractual default rate since March 20, 2009.[4] (Scalia Decl., Doc. # 59-3, ¶¶ 20-21). The Court grants the Motion for Default Judgment as to Defendant Pedro Batiz Guillen. (Doc. # 59).

### b.    Final Judgment Pursuant to Rule 54(b)

In the Motion for Default Judgment, Plaintiff moves for the entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). (Doc. # 59-2 at 14). Rule 54(b) states that in the context of a multi-defendant lawsuit, a court "may direct entry of a final judgment as to

---

[4]   As of March 19, 2009, the total outstanding balance due to Ex-Im Bank under the Promissory Note was $4,071,840.82. (Scalia Decl., Doc. # 59-3, ¶ 20). This figure includes an outstanding principal balance of $2,641,574.61 and accrued and unpaid interest through March 19, 2009, of $1,430,266.21. (*Id.*)

one or more, but fewer than all...parties only if the court determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  The principal considerations for the Court when deciding whether there is just reason to delay entry of final judgment are the judicial administrative interests and the equities involved.  *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).  In *Curtiss-Wright*, the Supreme Court explained that "[i]t was [] proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*.  Even after deciding that piecemeal appeals will not result, the district court must consider whether the equities involved favor entry of judgment under Rule 54(b), including the relationship between the defaulting and non-defaulting parties, the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final, delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, and expense. *See Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944, 949 (7th Cir. 1980).

In the present case, an appeal by Defendant Pedro Batiz Guillen from the entry of final judgment would be limited to whether this Court abused its discretion in granting a default judgment.  The issues on appeal would be specific to the default judgment and could not be raised by his non-defaulting co-Defendants.  This Court concludes that the entry of default judgment is consistent with the sound administration of justice and would not result in piecemeal appeals.  The Court further concludes that the equities between Plaintiff and Defendant Pedro Batiz Guillen favor entry of judgment.  Plaintiff has proven its case against Defendant Pedro Batiz Guillen with documentary evidence in the record.  The debt in this case is liquidated and large.  There are no facts alleged to support any counterclaim or set off by any Defendant in this case.  The debt will likely go unpaid for a significant period of time if judgment is not entered pursuant to Rule 54(b).  Many, if not all, of the remaining co-Defendants are located outside of the United States and service of process could be protracted.  This Court concludes that Plaintiff has an interest in a prompt enforceable judgment and that

the equities in this case favor the entry of judgment pursuant to Rule 54(b).

In *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872), the United States Supreme Court held that under certain circumstances, the district court should not enter a default judgment against one or more defendants which is, or is likely to be, inconsistent with judgment on the merits in favor of the remaining defendants. The ruling in *Frow* stands for the proposition that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2690 (3d ed. 2001). The ruling in *Frow* has been extended to situations beyond joint liability to claims where a default judgment against one defendant would be inherently inconsistent with a judgment entered against a similarly situated co-defendant. *See e.g., In re First T.D. & Invest., Inc.*, 253 F.3d 520, 531-32 (9th Cir. 2001) (holding that default judgment could not be entered against defendant where the court ruled plaintiff's legal theory was without merit with respect to similarly situated co-defendants who engaged in identical transactions). In *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1257-58 (7th Cir. 1980), the court declined to extend *Frow* to a claim involving "joint and several liability" where "a finding of liability as to one defendant is consistent with a finding of no liability as to the others, so long as there is no relationship between the parties requiring vicarious liability." *Id.* The Court found that "there is little possibility of inconsistent adjudications of liability" and explained that "[t]he result in *Frow* was clearly mandated by the Court's desire to avoid logically inconsistent adjudications as to liability. However, when different results as to different parties are not logically inconsistent or contradictory, the rationale for the *Frow* rule is lacking. Such is this case involving joint and several liability." *Id.*

In the present case, Plaintiff has alleged that Guarantor Defendants, including Defendant Pedro Batiz Guillen, "executed guarantees on the face of the promissory note whereby they each jointly and severally guaranteed the prompt repayment of the full amount of Distribuidora Batiz's indebtedness on the promissory note." (Compl. ¶ 5). Joint and several

liability arises from the execution of the guarantee by each Guarantor Defendant and is not dependent upon the relationship between any of the parties or any vicarious liability. The Court concludes that judgment against Defendant Pedro Batiz Guillen would not necessarily be inconsistent with a judgment in favor of a prevailing answering Defendant. In the event that this Court enters judgment against another Guarantor Defendant, it is unlikely that there will be inconsistency in the amount of damages awarded because Plaintiff's damage claim is a liquidated sum. The Court concludes that *Frow* does not bar the exercise of discretion to enter a default judgment against Defendant Pedro Batiz Guillen under Rule 54(b).

The Court has weighed the judicial administrative interests and the equities involved and determines that there is no just reason for delay in directing entry of final judgment against Defendant Pedro Batiz Guillen. Pursuant to Rule 54(b), the Court concludes that entry of final judgment against Defendant Pedro Batiz Guillen in this multi-defendant lawsuit is reasonable under the facts of this case.

### B.     Motion to Dismiss

In the Motion to Set Aside Clerk's Default and Dismiss Action (Doc. # 61), the Moving Defendants contend that Plaintiff has failed to effectuate service against them, and therefore the action against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

Rule 12(b)(5) allows a defendant to move to dismiss an action where the service of process of a summons and complaint is insufficient. "Where service of process is insufficient, the court has broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant." *Cranford v. U.S.*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005) (citing *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985)); *see also Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion.") (citation omitted). "If service is insufficient, the Court may either dismiss the case or retain jurisdiction but quash service. So long as there is a chance that the plaintiff still could accomplish service, the latter remedy is preferred." *Hickory Travel Sys., Inc. v. TUI AG*, 213

F.R.D. 547, 553 (N.D. Cal. 2003) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3rd Cir. 1992) ("[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.  In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service.")); *see also Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C. Cir. 1983) ("Although district courts have broad discretion to dismiss a complaint for failure to effect service, dismissal is not appropriate when there exists a reasonable prospect that service can be obtained.").

The Court finds that there exists a reasonable prospect that service may be obtained as to the Moving Defendants.  Plaintiff has represented that Plaintiff "has every intention of serving the defendants in Mexico, pursuant to the Hague Convention or some other internationally agreed means."  (Doc. # 68 at 3).  Plaintiff may discover the Moving Defendants' Mexican addresses through discovery on the served Defendants or non-parties. (Doc. # 72 at 7).  Additionally, Plaintiff may move for an order allowing service via Federal Rule of Civil Procedure 4(f)(3), which provides that service upon an individual in a foreign country may be effected "by other means not prohibited by international agreement as may be directed by the court."  Fed. R. Civ. P. 4(f)(3); *see Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (authorizing court-ordered service of process on a Costa Rican company by, inter alia, mailing service to the defendant's U.S.-based attorney and e-mailing service to defendant's e-mail address).  Therefore, the Court quashes the attempted service upon the Moving Defendants, but does not dismiss the action as to the Moving Defendants. *See Hickory Travel Sys.*, 213 F.R.D. at 555 ("Although the Court may dismiss the case, quashing service is the typical remedy if initial defects in service might be corrected....").  To the extent the motion asks for this action to be dismissed as to the Moving Defendants, the Court denies the Motion to Set Aside Clerk's Default and Dismiss Action as to Moving Defendants.  (Doc. # 61).

### C.   Motion for Limited Early Discovery

The Federal Rules of Civil Procedure provide that generally a party may not initiate discovery before the parties have met and conferred pursuant to Rule 26(f).  *See* Fed. R. Civ.

Pro. 26(f).  However, Rule 26(d) provides that a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice."  Fed. R. Civ. Pro. 26(d).  A court may grant a request to take discovery prior to the parties' meeting under Rule 26(f) where the requesting party demonstrates good cause.  *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Id.*

        "As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing, inter alia, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)); *see also Gonzales v. Alameida*, 2008 WL 3200858, at *1 (E.D. Cal., Aug. 7, 2008) ("Generally, discovery proceedings take place only after the defendant has been served. However, courts may allow limited discovery after the complaint has been filed to permit the plaintiff to learn identifying facts necessary to permit service on the defendant.").  "In the Ninth Circuit such exceptions to the general rule have been generally disfavored."  *Columbia Ins. Co.*, 185 F.R.D. at 577 (citing *Gillespie*, 629 F.2d at 642).

        Plaintiff has made multiple attempts to effect proper service on the Moving Defendants. Plaintiff cannot serve the Moving Defendants under the Hague Convention without knowing the addresses at which they may be served.  *See OGM, Inc. v. Televisa, S.A. de C.V.*, 2009 WL 1025971 at *3 (C.D. Cal., Apr. 15, 2009) (exclusive means of service in Mexico under Hague Convention is to deliver materials to be served to the Mexican Government's "Central Authority" who then delivers them to the defendant); *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (describing the process of effecting service pursuant to the Hague Convention).  Plaintiff has demonstrated that good cause exists for early discovery aimed at discovering the addresses at which the Moving Defendants may be served.

        However, prior to allowing early discovery upon an unserved Defendant, the Court will

require Plaintiff to (1) attach the proposed discovery request(s), and (2) make a showing that Plaintiff has exhausted other reasonable means of obtaining the Moving Defendants' addresses. *See Columbia Ins. Co.*, 185 F.R.D. at 577 ("[E]xceptions to the general rule have been generally disfavored."). The Motion for Limited Early Discovery (Doc. # 67) is denied without prejudice to renew the Motion at a later date.

## III. CONCLUSION

IT IS HEREBY ORDERED that:

The Motion to Withdraw the Motion for Default Judgment as to Thirteen of Fourteen Defendants (Doc. # 66) is **GRANTED**. The Motion for Default Judgment (Doc. # 59) is **GRANTED** as to Defendant Pedro Batiz Guillen only. Plaintiff is awarded $4,071,840.82 plus additional interest which has accrued at the contractual default rate since March 20, 2009. Plaintiff shall file a proposed judgment in accordance with this Order within fifteen (15) days of the date of this Order.

The Motion to Set Aside Clerk's Default and Dismiss Action as to Moving Defendants (Doc. # 61) is **GRANTED IN PART** and **DENIED IN PART**. The entry of default (Doc. # 56) shall be set aside as to the following Defendants: Distribuidora Batiz; Grupo Batiz CGH, S.A. de C.V.; Greenver, S.A. de C.V.; Invernaderos la Pequena Jolla, S.A. de C.V.; Silvia del Carmen Batiz Esquer; Raul Guillermo Batiz Guillen; Raul Guillermo Batiz Gamboa; Olga Elena Batiz Esquer; Jorge Guillermo Batiz Guillen; Jorge Guillermo Batiz Esquer; Gabriela Maria Batiz Gamboa; Angela Maria Batiz Gamboa; and Gerardo Batiz Esquer. Service upon these Defendants is quashed.

The Motion for Limited Early Discovery (Doc. # 67) is **DENIED** without prejudice.

DATED: August 10, 2009

**WILLIAM Q. HAYES**
United States District Judge