1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 07cv370-WQH-JMA |
| Plaintiff, | ORDER |
| vs. | |
| DISTRIBUIDORA BATIZ CGH, S.A. DE C.V.; et al., | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the Motion for Specially Authorized Service (ECF No. 93), and the Motion for Issuance of an Amended Summons (ECF No. 94).

BACKGROUND

On February 27, 2007, Plaintiff United States of America filed the Complaint against Distribuidora Batiz, S.A. De C.V. (hereinafter "Distribuidora Batiz"), and Silvia Del Carmen Batiz Esquer, Rodolfo Batiz Guillen, Raul Batiz Echavarria, Raul Guillermo Batiz Guillen, Raul Guillermo Batiz Gamboa, Ricardo Batiz Gamboa, Olga Elena Batiz Esquer, Jorge Guillermo Batiz Guillen, Jorge Guillermo Batiz Esquer, Gabriela Maria Batiz Gamboa, Angela Maria Batiz Gamboa, Gerardo Batiz Esquer, Grupo Batiz CGH, S.A. de C.V., Greenver, S.A. de C.V., Invernaderos La Pequena Joya, S.A. De C.V., and Pedro Batiz Guillen (collectively, "Guarantor Defendants"). (ECF No. 1). The Complaint alleges that the United States, through its agency, the Export-Import Bank of the United States, holds a promissory note on

- 1 -                                                                07cv370-WQH-JMA

1   which Distribuidora Batiz defaulted.  The Complaint alleges that the Guarantor Defendants

2   unconditionally guaranteed repayment of the full amount of Distribuidora Batiz's indebtedness

3   on the note, but Defendants failed to pay the amount due.  The Complaint seeks payment of

4   principal in the amount of $2,641,574.61, plus accrued interest.

5          Between approximately April 2008 and July 2008, Plaintiff attempted to serve seven

6   of the Defendants in Mexico pursuant to the Inter-American Convention on Letters Rogatory,

7   but the efforts were unsuccessful.  (ECF No. 65-9, 65-10).  For five of the Defendants, the

8   Mexican authorities stated that they could not locate the Defendants at the given addresses.

9   (ECF No. 65-9).

10         On November 7, 2008, the Court issued a Judgment against Defendant Raul Batiz

11  Echavarria pursuant to Federal Rule of Civil Procedure 54(b).  (ECF No. 46).  On December

12  5, 2008, the Court issued a Judgment against Defendant Rodolfo Batiz Guillen pursuant to

13  Rule 54(b).  (ECF No. 51).

14         On May 12, 2009, based upon service of process at the San Diego, California offices

15  of Wilson Batiz LLC, "a Batiz family business," the United States moved for default judgment

16  against the following fourteen defendants: Distribuidora Batiz; Grupo Batiz CGH, S.A. de

17  C.V.; Greenver, S.A. de C.V.; Invernaderos la Pequena Jolla, S.A. de C.V.; Pedro Batiz

18  Guillen; Silvia del Carmen Batiz Esquer; Raul Guillermo Batiz Guillen; Raul Guillermo Batiz

19  Gamboa; Olga Elena Batiz Esquer; Jorge Guillermo Batiz Guillen; Jorge Guillermo Batiz

20  Esquer; Gabriela Maria Batiz Gamboa; Angela Maria Batiz Gamboa; and Gerardo Batiz

21  Esquer.  (ECF No. 59-2 at 5).

22         On May 22, 2009, thirteen of the fourteen Defendants who were the subject of the May

23  12, 2009 Motion for Default Judgment,[1] as well as Defendant Ricardo Batiz Gamboa ("Moving

24  Defendants"), through counsel Robert Ted Parker, filed an Opposition to Plaintiff's Motion

25  for Default Judgment (ECF No. 60) and a Motion to Set Aside Clerk's Default and Dismiss

26  Action as to Moving Defendants (ECF No. 61).  The Moving Defendants contended that

27  _____

28         [1] Of the fourteen Defendants who are the subject of the May 12, 2009 Motion for
    Default Judgment, Defendant Pedro Batiz Guillen is the only Defendant who did not file an
    opposition to the Motion.

Plaintiff had failed to effectuate service against them, and therefore the action against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).  In support, the Moving Defendants submitted a declaration from Defendant Jorge Guillermo Batiz Guillen stating that "[e]ach of the Moving Defendants is of Mexican citizenship and domicile, and each of them resides in Mexico."  (Jorge Guillermo Batiz Guillen Decl., ECF No. 61-3, ¶ 6).  He stated that "I first learned of the lawsuit when I received a copy of the letter [dated] February 26, 2009 that was signed by [Plaintiff's counsel] and addressed to me and numerous other members of the Batiz family at addresses which are not the residences or usual places of abode or business of any of the Moving Defendants."  *Id.* ¶ 3.

On June 8, 2009, Plaintiff filed a Motion to Withdraw the Motion for Default Judgment as to the Moving Defendants.  (ECF No. 66).  On June 9, 2009, Plaintiff filed a Motion for Limited Early Discovery, seeking discovery "to obtain addresses it needs to effect undisputedly proper service upon fourteen defendants and to move this litigation expeditiously towards an adjudication on the merits."  (ECF No. 67-1 at 2).  Plaintiff attached an email exchange wherein attorney Parker refused to answer the following two questions posed by Plaintiff's counsel: "1) Will you provide me with addresses at which each of your 14 clients may be served with process in this case?  2) Will you accept service of process on behalf of your 14 clients?"  (ECF No. 67-2 at 1).

On June 18, 2009, the Moving Defendants filed an opposition to the Motion for Limited Early Discovery.  (ECF No. 71).  The Moving Defendants contended that any discovery taken on the Moving Defendants prior to service would violate their right to Due Process.

On August 10, 2009, the Court issued an Order (1) granting the Motion to Withdraw the Motion for Default Judgment as to the Moving Defendants; (2) granting the Motion to Set Aside Clerk's Default as to the Moving Defendants; (3) denying the Motion to Dismiss Action as to the Moving Defendants; (4) denying without prejudice the Motion for Limited Early Discovery; and (5) granting the Motion for Default Judgment as to Defendant Pedro Batiz Guillen.  (ECF No. 75).  The Court stated that "there exists a reasonable prospect that service may be obtained as to the Moving Defendants.  Plaintiff may discover the Moving Defendants'

Mexican addresses through discovery on the served Defendants or non-parties.  Additionally, Plaintiff may move for an order allowing service via Federal Rule of Civil Procedure 4(f)(3)...."  *Id*. at 14 (citation omitted).

On October 14, 2009, the Magistrate Judge issued an Order granting Plaintiff's motion for limited early discovery seeking to take early discovery from non-party First National Bank and Judgment Debtors Raul Batiz Echavarria, Pedro Batiz Guillen and Rodolfo Batiz Guillen "to obtain information reasonably necessary to effect service of process upon the fourteen Defendants who reside in Mexico and have not yet been served."  (ECF No. 78 at 1).  On December 16, 2009, the Magistrate Judge issued a Protective Order which had been agreed upon by Plaintiff and the Judgment Debtors.  (ECF Nos. 80, 81).

On July 22, 2010, the Court issued an Order stating:

> The docket reflects that, since the Magistrate Judge authorized limited discovery and issued the Protective Order, no proof of service has been filed as to any of the Unserved Defendants and no proceedings have been taken against any Unserved Defendant. ...  It appearing to the Court that dismissal for want of prosecution may be appropriate in this case, Plaintiff is hereby ORDERED TO SHOW CAUSE as to why this case should not be dismissed without prejudice for failure to prosecute as to the Unserved Defendants.

(ECF No. 90 at 2).

On August 20, 2010, Plaintiff filed a response to the Court's July 22, 2010 Order; the Motion for Specially Authorized Service; the Motion for Issuance of an Amended Summons; and a certificate of service indicating that Defendant Olga Elena Batiz Esquer was served with the Summons and Complaint pursuant to the Hague Convention on November 12, 2009. (ECF Nos. 91-94).  Plaintiff's response outlined Plaintiff's "tedious and time consuming" attempts "to effect service in Mexico under the Hague Convention."  (ECF No. 92 at 5).  "Because service under the Hague Convention is the best way to ensure the international enforceability of an eventual judgment, the United States respectfully requests that the Court permit a further attempt to serve the defendants in Mexico."  *Id*.  The Motion for Issuance of an Amended Summons requests that the Court direct the Clerk to issue a revised summons to comply with the Mexican Central Authority's "newly disclosed additional requirements" that the summons specify whether the twenty day period for answering the complaint is measured in calendar

days or business days.  *Id*.  Because "the United States appreciates that there are practical limitations on how long the Court can wait for a plaintiff to complete service," *id*. at 6, Plaintiff also filed the Motion for Specially Authorized Service which "requests that the Court enter an order authorizing Rule 4(f)(3) service of the thirteen unserved defendants by delivering the summons and complaint via certified mail to their attorney of record, Mr. Parker."  (ECF No. 93-1 at 10).

The Motion for Specially Authorized Service and Motion for Issuance of an Amended Summons contain certificates of service indicating that Parker, counsel of record for the thirteen unserved Defendants, and Jeffrey D. Cawdrey, counsel of record for the three Judgment Debtors, each received electronic service of the pending motions.  The docket reflects that no opposition to either motion has been filed.

DISCUSSION

*Motion for Specially Authorized Service*

Federal Rule of Civil Procedure 4(f) provides, in pertinent part:

> [S]ervice upon an individual ... may be effected in a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention ...; or ...
> >
> > (3) by other means not prohibited by international agreement as may be directed by the court.

Fed. R. Civ. P. 4(f).  Service under Rule 4(f)(3) must be (1) directed by the court; (2) not prohibited by international agreement; and (3) comport with constitutional notions of due process.  *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-16 (9th Cir. 2002).  To meet the due process requirement, "the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Id*. at 1016-17 (quotation omitted).  "[A]s long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country."  *Id*. at 1014 (citation omitted).  "[S]ervice

of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.  It is merely one means among several which enables service of process on an international defendant." *Id*. at 1015 (quotation omitted).  In *Rio Properties*, the Court of Appeals for the Ninth Circuit held that "when [plaintiff] presented the district court with its inability to serve an elusive international defendant, striving to evade service of process, the district court properly exercised its discretionary powers" to authorize service upon defendant's attorney. *Id*. at 1016; *see also id* at 1017 ("Service upon [defendant's attorney] was ... appropriate because he had been specifically consulted by [defendant] regarding this lawsuit.  He knew of [defendant]'s legal positions, and it seems clear that he was in contact with [defendant] in Costa Rica. Accordingly, service to [defendant's attorney] was ... reasonably calculated in these circumstances to apprise [defendant] of the pendency of the present action.").

After review of the Motion and the record, the Court finds that Plaintiff has been reasonably diligent in seeking to serve the thirteen unserved Defendants.  The facts and circumstances of this case warrant the Court's intervention pursuant to Rule 4(f).  Plaintiff has demonstrated that service of the thirteen unserved Defendants by delivering the Summons and Complaint via certified mail to Parker, their attorney of record, is not prohibited by international agreement and is "reasonably calculated, under all the circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016-17.  The Motion for Specially Authorized Service is granted.

### *Motion for Issuance of an Amended Summons*

Currently, the Summons in this case states that the Defendant must file an answer to the Complaint "within 20 days after service of this summons upon you, exclusive of the day of service," without specifying whether the twenty-day period is counted in business days or calendar days.  (ECF No. 2 at 1).  "So that the United States may comply with the Mexican authorities' requirements and complete service of process in Mexico," Plaintiff moves the Court for an order requiring the Clerk to issue an amended summons to state, in pertinent part:

You are hereby summoned and required to file with the Clerk of this Court and serve upon Plaintiff's attorney, Kyle A. Forsyth, whose address is P.O. Box 875,

Ben Franklin Station, Washington, DC 20044, an answer to the complaint which is herewith served upon you, no later than the first business day occurring at least 21 calendar days (including Saturdays, Sundays, and legal holidays) after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

(ECF No. 94-1 at 2-3). The requested language reflects the 2009 amendment to Rule 12 that provides twenty-one days for a defendant to answer a complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i); *see also* Fed. R. Civ. P. 6(a)(1) ("When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Federal Rule of Civil Procedure 4(a) provides that "[t]he court may permit the summons to be amended." Fed. R. Civ. P. 4(a)(2). After review of the Motion and the record, the Court concludes that, pursuant to Rule 4(a), the Motion for Issuance of an Amended Summons should be granted.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff has shown cause why this action should not be dismissed for failure to prosecute as to the unserved Defendants.

IT IS FURTHERED ORDERED that the Motion for Specially Authorized Service is GRANTED. (ECF No. 93). Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff is authorized to serve the thirteen unserved Defendants via certified mail directed to their counsel of record, Robert Ted Parker, at his office located at: Parker Law Firm, 7 Mira Loma, Orinda, California 94563.[2]

//

//

---

[2] The thirteen unserved Defendants are: Distribuidora Batiz, S.A. de C.V.; Grupo Batiz CGH, S.A. de C.V.; Greenver, S.A. de C.V.; Invernaderos la Pequena Jolla, S.A. de C.V., a/k/a Invernaderos la Pequena Joya, S.A. de C.V.; Ricardo Batiz Gamboa; Silvia del Carmen Batiz Esquer; Raul Guillermo Batiz Guillen; Raul Guillermo Batiz Gamboa; Jorge Guillermo Batiz Guillen; Jorge Guillermo Batiz Esquer; Gabriela Maria Batiz Gamboa; Angela Maria Batiz Gamboa; and Gerardo Batiz Esquer.

        IT IS FURTHER ORDERED that the Motion for Issuance of an Amended Summons
is GRANTED.  (ECF No. 94).  Pursuant to Federal Rule of Civil Procedure 4(a)(2), the Clerk
of the Court shall issue an amended summons in the form requested in Exhibit B to the Motion
for Issuance of an Amended Summons, ECF No. 94-3 at 1.

        No later than ninety (90) days from the date this Order is filed, Plaintiff shall file a
status report regarding Plaintiff's efforts to serve the unserved Defendants.

DATED:  November 3, 2010

                              *William Q. Hayes*
                         **WILLIAM Q. HAYES**
                         United States District Judge