FILED
11 APR 21 AM 3:24
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
                    BY: ___ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br>DISTRIBUIDORA BATIZ CGH, S.A. DE C.V.; GRUPO BATIZ CGH, S.A. DE C.V.; GREENVER, S.A. DE C.V.; INVERNADEROS LA PEQUENA JOYA, S.A. DE C.V., a/k/a INVERNADEROS LA PEQUENA JOLLA, S.A. DE C.V.; PEDRO BATIZ GUILLEN, a/k/a PEDRO FRANCISCO BATIZ GUILLEN; SILVIA DEL CARMEN BATIZ ESQUER; RODOLFO BATIZ GUILLEN, a/k/a RODOLFO SERGIO BATIZ GUILLEN; RAUL BATIZ ECHAVARRIA, a/k/a RAUL BATIZ ECHEVERRIA; RAUL GUILLERMO BATIZ GUILLEN, a/k/a RAUL BATIZ; RAUL GUILLERMO BATIZ GAMBOA; RICARDO BATIZ GAMBOA; OLGA ELENA BATIZ ESQUER; JORGE GUILLERMO BATIZ GUILLEN, a/k/a JORGUE GUILLERMO BATIZ GUILLEN, a/k/a JORGE BATIZ; JORGE GUILLERMO BATIZ ESQUER, a/k/a JORGUE GUILLERMO BATIZ ESQUER; GABRIELA MARIA BATIZ GAMBOA, a/k/a GABRIELA G. BATIZ; ANGELA MARIA BATIZ GAMBOA; and GERARDO BATIZ ESQUER,<br><br>Defendants. | CASE NO. 07cv370-WQH-JMA<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion by 13 Defendants to Dismiss Action for Insufficient Process and Service of Process and Lack of Jurisdiction as to Moving Parties ("Motion to Dismiss"). (ECF No. 97).

## BACKGROUND

On February 27, 2007, Plaintiff United States of America filed the Complaint against Distribuidora Batiz, S.A. De C.V. (hereinafter "Distribuidora Batiz"), and Silvia Del Carmen Batiz Esquer, Rodolfo Batiz Guillen, Raul Batiz Echavarria, Raul Guillermo Batiz Guillen, Raul Guillermo Batiz Gamboa, Ricardo Batiz Gamboa, Olga Elena Batiz Esquer, Jorge Guillermo Batiz Guillen, Jorge Guillermo Batiz Esquer, Gabriela Maria Batiz Gamboa, Angela Maria Batiz Gamboa, Gerardo Batiz Esquer, Grupo Batiz CGH, S.A. de C.V., Greenver, S.A. de C.V., Invernaderos La Pequena Joya, S.A. De C.V., and Pedro Batiz Guillen (collectively, "Guarantor Defendants"). (ECF No. 1). The Complaint alleges that the United States, through its agency, the Export-Import Bank of the United States, holds a promissory note on which Distribuidora Batiz defaulted. The Complaint alleges that the Guarantor Defendants unconditionally guarantied repayment of the full amount of Distribuidora Batiz's indebtedness on the note, but Defendants failed to pay the amount due. The Complaint seeks payment of principal in the amount of $2,641,574.61, plus accrued interest.

Between approximately April 2008 and July 2008, Plaintiff attempted to serve seven of the Defendants in Mexico pursuant to the Inter-American Convention on Letters Rogatory, but the efforts were unsuccessful. (ECF No. 65-9, 65-10). For five of the Defendants, the Mexican authorities stated that they could not locate the Defendants at the given addresses. (ECF No. 65-9).

On November 7, 2008, the Court issued a Judgment against Defendant Raul Batiz Echavarria pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 46). On December 5, 2008, the Court issued a Judgment against Defendant Rodolfo Batiz Guillen pursuant to Rule 54(b). (ECF No. 51).

On May 12, 2009, based upon service of process at the San Diego, California offices of Wilson Batiz LLC, "a Batiz family business," the United States moved for default judgment against the following fourteen Defendants: Distribuidora Batiz; Grupo Batiz CGH, S.A. de C.V.; Greenver, S.A. de C.V.; Invernaderos la Pequena Jolla, S.A. de C.V.; Pedro Batiz Guillen; Silvia del Carmen Batiz Esquer; Raul Guillermo Batiz Guillen; Raul Guillermo Batiz

Gamboa; Olga Elena Batiz Esquer; Jorge Guillermo Batiz Guillen; Jorge Guillermo Batiz Esquer; Gabriela Maria Batiz Gamboa; Angela Maria Batiz Gamboa; and Gerardo Batiz Esquer. (ECF No. 59-2 at 5).

On May 22, 2009, thirteen of the fourteen Defendants who were the subject of the May 12, 2009 Motion for Default Judgment,[1] as well as Defendant Ricardo Batiz Gamboa ("Moving Defendants"), through counsel Robert Ted Parker, filed an Opposition to Plaintiff's Motion for Default Judgment (ECF No. 60) and a Motion to Set Aside Clerk's Default and Dismiss Action as to Moving Defendants (ECF No. 61). The Moving Defendants contended that Plaintiff had failed to effectuate service against them, and therefore the action against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5). In support, the Moving Defendants submitted a declaration from Defendant Jorge Guillermo Batiz Guillen stating that "[e]ach of the Moving Defendants is of Mexican citizenship and domicile, and each of them resides in Mexico." (Jorge Guillermo Batiz Guillen Decl., ECF No. 61-3, ¶ 6).

On June 8, 2009, Plaintiff filed a Motion to Withdraw the Motion for Default Judgment as to the Moving Defendants. (ECF No. 66). On June 9, 2009, Plaintiff filed a Motion for Limited Early Discovery, seeking discovery "to obtain addresses it needs to effect undisputedly proper service upon fourteen defendants and to move this litigation expeditiously towards an adjudication on the merits." (ECF No. 67-1 at 2). Plaintiff attached an email exchange wherein attorney Parker refused to answer the following two questions posed by Plaintiff's counsel: "1) Will you provide me with addresses at which each of your 14 clients may be served with process in this case? 2) Will you accept service of process on behalf of your 14 clients?" (ECF No. 67-2 at 1).

On June 18, 2009, the Moving Defendants filed an opposition to the Motion for Limited Early Discovery. (ECF No. 71). The Moving Defendants contended that any discovery taken on the Moving Defendants prior to service would violate their right to Due Process.

On August 10, 2009, the Court issued an Order (1) granting the Motion to Withdraw

---

[1] Of the fourteen Defendants who are the subject of the May 12, 2009 Motion for Default Judgment, Defendant Pedro Batiz Guillen is the only Defendant who did not file an opposition to the Motion.

the Motion for Default Judgment as to the Moving Defendants; (2) granting the Motion to Set Aside Clerk's Default as to the Moving Defendants; (3) denying the Motion to Dismiss Action as to the Moving Defendants; (4) denying without prejudice the Motion for Limited Early Discovery; and (5) granting the Motion for Default Judgment as to Defendant Pedro Batiz Guillen. (ECF No. 75). The Court stated that "there exists a reasonable prospect that service may be obtained as to the Moving Defendants. Plaintiff may discover the Moving Defendants' Mexican addresses through discovery on the served Defendants or non-parties. Additionally, Plaintiff may move for an order allowing service via Federal Rule of Civil Procedure 4(f)(3)...." *Id.* at 14 (citation omitted).

On October 14, 2009, the Magistrate Judge issued an Order granting Plaintiff's motion for limited early discovery seeking to take early discovery from non-party First National Bank and Judgment Debtors Raul Batiz Echavarria, Pedro Batiz Guillen and Rodolfo Batiz Guillen "to obtain information reasonably necessary to effect service of process upon the fourteen Defendants who reside in Mexico and have not yet been served." (ECF No. 78 at 1). On December 16, 2009, the Magistrate Judge issued a Protective Order which had been agreed upon by Plaintiff and the Judgment Debtors. (ECF Nos. 80, 81).

On July 22, 2010, the Court issued an Order to Show Cause as to why this case should not be dismissed without prejudice for failure to prosecute as to the unserved Defendants. (ECF No. 90).

On August 20, 2010, Plaintiff filed a response to the Court's July 22, 2010 Order; a Motion for Specially Authorized Service; a Motion for Issuance of an Amended Summons; and a certificate of service indicating that Defendant Olga Elena Batiz Esquer was served with the Summons and Complaint pursuant to the Hague Convention on November 12, 2009. (ECF Nos. 91-94). Plaintiff's response outlined Plaintiff's "tedious and time consuming" attempts "to effect service in Mexico under the Hague Convention." (ECF No. 92 at 5). "Because service under the Hague Convention is the best way to ensure the international enforceability of an eventual judgment, the United States respectfully requests that the Court permit a further attempt to serve the defendants in Mexico." *Id.* Because "the United States appreciates that

there are practical limitations on how long the Court can wait for a plaintiff to complete service," *id.* at 6, Plaintiff also filed the Motion for Specially Authorized Service which "requests that the Court enter an order authorizing Rule 4(f)(3) service of the thirteen unserved defendants by delivering the summons and complaint via certified mail to their attorney of record, Mr. Parker." (ECF No. 93-1 at 10).

The Motion for Specially Authorized Service and Motion for Issuance of an Amended Summons contained certificates of service indicating that Parker, counsel of record for the thirteen then-unserved Defendants, and Jeffrey D. Cawdrey, counsel of record for the three Judgment Debtors, each received electronic service of the pending motions. The docket reflects that no opposition to either motion was filed.

On November 3, 2010, the Court issued an Order granting the Motion for Specially Authorized Service and Motion for Issuance of an Amended Summons. (ECF No. 95). The Court stated:

> Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff is authorized to serve the thirteen unserved Defendants via certified mail directed to their counsel of record, Robert Ted Parker, at his office.... No later than ninety (90) days from the date this Order is filed, Plaintiff shall file a status report regarding Plaintiff's efforts to serve the unserved Defendants.

*Id.* at 7-8.[2]

On December 14, 2010, Attorney Parker filed the pending Motion to Dismiss on behalf of the following twelve Defendants: Distribuidora Batiz, S.A. de C.V.; Grupo Batiz CGH, S.A. de C.V.; Greenver, S.A. de C.V.; Invernaderos La Pequeña Joya, S.A. de C.V.; Silvia del Carmen Batiz Esquer; Raul Guillermo Batiz Guillen; Olga Elena Batiz Esquer; Jorge Guillermo Batiz Guillen; Jorge Guillermo Batiz Esquer; Gabriela Maria Batiz Gamboa; Angela

---

[2] The thirteen unserved Defendants listed in the Order are: Distribuidora Batiz, S.A. de C.V.; Grupo Batiz CGH, S.A. de C.V.; Greenver, S.A. de C.V.; Invernaderos la Pequena Jolla, S.A. de C.V.; Ricardo Batiz Gamboa; Silvia del Carmen Batiz Esquer; Raul Guillermo Batiz Guillen; Raul Guillermo Batiz Gamboa; Jorge Guillermo Batiz Guillen; Jorge Guillermo Batiz Esquer; Gabriela Maria Batiz Gamboa; Angela Maria Batiz Gamboa; and Gerardo Batiz Esquer. (ECF No. 95 at 7 n.2).

Maria Batiz Gamboa; and Gerardo Batiz Esquer.[3] (ECF No. 97). The moving Defendants contend:

> For service of process on Mexican nationals, compliance with Hague Convention procedures is *mandatory*. Plaintiff cannot bypass the Hague Convention even with a Court order for service upon a family attorney in the U.S. Further, Mexico specifically objected to service by postal channels when signing the Hague Convention. For both reasons, the service by mail pursuant to Court order is invalid and the Complaint must be dismissed.

(ECF No. 97-1 at 2).

On February 1, 2011, Plaintiff filed a Proof of Service Regarding Thirteen Defendants, stating that Plaintiff "completed service upon these thirteen defendants pursuant to the Court's order of November 3, 2010" by sending "thirteen copies of the summons and complaint via certified U.S. mail to the defendants' attorney of record, Robert Ted Parker, in Orinda, California, and ... Mr. Parker received and signed for these service documents on November 8, 2010."[4] (ECF No. 100 at 1-2). On February 1, 2011, Plaintiff an opposition to the Motion to Dismiss and a status report indicating that, in addition to serving the thirteen Defendants pursuant to the Court's November 3, 2010 Order, Plaintiff "has ... attempted to serve five of these thirteen defendants in Mexico under the Hague Convention." (ECF No. 101 at 2). Plaintiff stated that, on November 17, 2010, Plaintiff sent the Mexican Central Authority the service materials for Defendants Invernaderos la Pequena Joya, S.A. de C.V.; Greenver, S.A. de C.V.; Grupo Batiz CGH, S.A. de C.V.; Raul Guillermo Batiz Guillen; and Jorge Guillermo Batiz Guillen, which "are the only five of the thirteen previously unserved defendants for whom the United States possesses potentially valid addresses." *Id.* at 3. Plaintiff stated that, "[i]f the Mexican Central Authority's response time is consistent with this past experience, counsel for the United States could expect to receive returned service documents from Mexico by the end of March 2011." *Id.* Plaintiff contends:

> By neglecting to oppose the United States' motion for specially authorized service, these thirteen defendants waived their right to object and the Court may

---

[3] The Motion to Dismiss states that it is brought on behalf of thirteen Defendants, but only twelve Defendants are listed in the motion. *See* ECF No. 97 at 1-2.

[4] The thirteen Defendants listed in the February 1, 2011 Proof of Service are the same thirteen Defendants listed in the Court's November 3, 2010 Order. *See supra*, n.2.

> deny their motion to dismiss on that basis alone. If the Court chooses to address the merits of the defendants' motion—which is premised entirely on the United States' alleged noncompliance with the Hague Service Convention—the motion should be denied for at least three reasons: (1) the Hague Service Convention does not apply when the defendants' addresses are unknown to the party attempting to complete service; (2) the Hague Service Convention does not apply when service is accomplished without sending documents to a foreign country; and (3) even if the Hague Service Convention could apply to service accomplished entirely within the United States, Mexico's objection to mail service only prohibits mailing documents for service 'directly to persons abroad.'

(ECF No. 102 at 2).

On March 10, 2011, the moving Defendants filed a reply in support of their Motion to Dismiss and a declaration from attorney Parker. (ECF No. 103). Parker states:

> I did receive a package containing 13 copies of the summons and complaint in this action from Plaintiff, but I did not send them on. I do not consider it my duty to be the agent for accepting and forwarding legal process by mail that I received from Plaintiff, even despite the Rule 4(f)(3) Court order, as the order did not command me to take any such action, and I am not an agent for receipt of service of process appointed by any of said defendants. Of equal importance is that Mexico has objected to mail service in its accession to the Hague Convention.

(ECF No. 103-1 at 2).

On March 21, 2011, Plaintiff filed a surreply brief indicating that, "[t]o date, the United States has still not received from the Mexican Central Authority any documents relating to the Hague Service Convention forms it sent to Mexico on November 17, 2010." (ECF No. 106 at 6 n.6).

## DISCUSSION

On November 3, 2010, the Court granted Plaintiff's then-unopposed Motion for Specially Authorized Service of the thirteen then-unserved Defendants pursuant to Federal Rule of Civil Procedure 4(f)(3). (ECF No. 95). Rule 4(f) provides: "[S]ervice upon an individual ... may be effected in a place not within any judicial district of the United States: ... (3) by other means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f). Service under Rule 4(f)(3) must be (a) directed by the court; (b) not prohibited by international agreement; and (c) comport with constitutional notions of due process. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-16 (9th Cir. 2002).

In the pending Motion to Dismiss, eleven of the thirteen Defendants who were subject

to the November 3, 2010 Order[5] contend that the Rule 4(f)(3) service authorized by the Court was prohibited by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, done at The Hague on November 15, 1965 ("Hague Convention"), to which both the United States and Mexico are signatories.

> The Hague Convention provides:
>
> > The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.
> >
> > This Convention shall not apply where the address of the person to be served with the document is not known.

Art. I, Hague Convention, 20 U.S.T. 361, 1969 WL 97765, at *1. "[C]ompliance with the [Hague] Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).

Plaintiff asserts that it is unaware of the addresses of eight of the thirteen Defendants who were subject to the November 3, 2010 Order, even after conducting the Court-ordered discovery aimed at discovering the Defendants' addresses. (ECF No. 102 at 7).[6] As to each of these eight Defendants whose "address ... is not known," the Hague Convention does not apply. Art. I, Hague Convention, 1969 WL 97765, at *1; *see also S.E.C. v. Lines*, No. 07 Civ. 11387, 2009 WL 3179503, at *3 (S.D.N.Y. Oct. 2, 2009) (collecting cases). As to these eight Defendants, service under Rule 4(f)(3) as ordered by the Court is not prohibited by the Hague Convention.

As the Court found in the November 3, 2010 Order, service of the thirteen Defendants by delivering the summons and Complaint via certified mail to Parker, their attorney of

---

[5] As discussed above, the Motion to Dismiss was filed on behalf of twelve Defendants. *See* ECF No. 97 at 1. One of the twelve, Olga Elena Batiz Esquer, was not the subject of Plaintiff's Motion for Specially Authorized Service, *see* ECF No. 93, nor was Rule 4(f)(3) service authorized as to her in the Court's November 3, 2010 Order, *see* ECF No. 95. The two Defendants who were the subject of the Court's November 3, 2010 Order but who are not listed as movants in the pending Motion to Dismiss are Ricardo Batiz Gamboa and Raul Guillermo Batiz Gamboa.

[6] These eight Defendants are: Distribuidora Batiz, S.A. de C.V.; Ricardo Batiz Gamboa; Silvia del Carmen Batiz Esquer; Raul Guillermo Batiz Gamboa; Jorge Guillermo Batiz Esquer; Gabriela Maria Batiz Gamboa; Angela Maria Batiz Gamboa; and Gerardo Batiz Esquer. (ECF No. 102 at 7 n.4).

record,[7] comported with constitutional notions of due process. *See Rio Props.*, 284 F.3d at 1016-17 ("Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (quotation omitted). In so finding, the Court assumed that Parker, as a member of the California Bar, would abide by the relevant rules of professional conduct which require a member of the bar to "keep a client reasonably informed about significant developments relating to the employment or representation." Cal. R. Prof. Conduct 3-500; *see also* Cal. Bus. & Prof. Code § 6068(m) ("It is the duty of an attorney ... to keep clients reasonably informed of significant developments in matters with regard to which the attorney has agreed to provide legal services."). To the extent the Parker declaration attached to the March 10, 2011 reply (ECF No. 103-1) indicates that, absent a Court order, Parker refuses to inform his clients of his receipt of the summons and Complaint, Parker is hereby ordered to do so.

The Motion to Dismiss is denied as to the following Defendants: Distribuidora Batiz, S.A. de C.V.; Silvia del Carmen Batiz Esquer; Jorge Guillermo Batiz Esquer; Gabriela Maria Batiz Gamboa; Angela Maria Batiz Gamboa; and Gerardo Batiz Esquer. The docket reflects that they, as well as Ricardo Batiz Gamboa and Raul Guillermo Batiz Gamboa, have been properly served pursuant to the Court's November 3, 2010 Order and Federal Rule of Civil Procedure 4(f)(3). (ECF No. 100).

The docket reflects that Defendant Olga Elena Batiz Esquer was served pursuant to the Hague Convention on November 12, 2009. (ECF No. 91). In the Motion to Dismiss, Defendants assert that "[t]he November 2009 return for Olga Elena was apparently withdrawn, as she was included as a defendant to receive an amended summons, along with the other

---

[7] Although Parker did not list Defendants Ricardo Batiz Gamboa and Raul Guillermo Batiz Gamboa as movants in the pending Motion to Dismiss, Parker has entered an appearance in this action as to those two Defendants, and the appearance has not been withdrawn. *See, e.g.,* ECF No. 60-2.

defendants." (ECF No. 97-1 at 4). Defendants cite no authority for the proposition that completed service pursuant to the Hague Convention is withdrawn because Plaintiff listed the Defendant on the amended Summons. Plaintiff listed every original Defendant on the proposed amended Summons, including the Judgment Debtors. (ECF No. 94-3). Olga Elena Batiz Esquer was not one of the thirteen Defendants at issue in the Motion for Specially Authorized Service or the Court's November 3, 2010 Order. After reviewing the record, the Court does not find that the return of service as to Defendant Olga Elena Batiz Esquer has been withdrawn. The Motion to Dismiss Defendant Olga Elena Batiz Esquer is denied.

Plaintiff is ordered to file a status report no later than ten (10) days following Plaintiff's receipt of the response of the Mexican Central Authority regarding Plaintiff's latest request for service pursuant to the Hague Convention of Defendants Invernaderos la Pequena Joya, S.A. de C.V.; Greenver, S.A. de C.V.; Grupo Batiz CGH, S.A. de C.V.; Raul Guillermo Batiz Guillen; and Jorge Guillermo Batiz Guillen. As to these five Defendants, the Motion to Dismiss is denied without prejudice to renew the motion following the filing of Plaintiff's status report.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss is denied, as discussed above. (ECF No. 97).

IT IS FURTHERED ORDERED that Plaintiff shall file a status report no later than ten (10) days following Plaintiff's receipt of the response of the Mexican Central Authority regarding Plaintiff's latest request for service pursuant to the Hague Convention of Defendants Invernaderos la Pequena Joya, S.A. de C.V.; Greenver, S.A. de C.V.; Grupo Batiz CGH, S.A. de C.V.; Raul Guillermo Batiz Guillen; and Jorge Guillermo Batiz Guillen. No later than ninety (90) days from the date of this Order, if no response has been received from the Mexican Central Authority as to these five Defendants, Plaintiff shall file a status report.

Dated: 4/20/11

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE